IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **SHELLY D. BROWN,** | § | |
| | § | |
|     **Plaintiff,** | § | |
| | § | |
| **v.** | § | Civil Action No. 7:23-cv-00050-O-BP |
| | § | |
| **COMMISSIONER OF SOCIAL SECURITY,** | § § | |
| | § | |
|     **Defendant.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act filed on November 14, 2023. ECF No. 16. Noting that the Motion is unopposed, and for good cause shown, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** the Motion (ECF No. 16).

The Court finds that Plaintiff Shelly D. Brown was the prevailing party in this case. Pursuant to 28 U.S.C. § 2412(d)(2)(A), the Court further finds that the appropriate hourly rate at which to award fees in this case is $220.00 per hour for services performed in 2023. The Court additionally finds that Plaintiff is entitled to attorney fees for compensation of 18.80 hours of service performed in 2023. As reflected in the Motion, Defendant does not oppose either the hourly rate or the number of hours Plaintiff claims for compensation, though it reserved the right to file a response to the Motion. *See* ECF No. 16 at 4, 6. Defendant did not file a response.

Accordingly, the undersigned **RECOMMENDS** that Defendant be **ORDERED** to pay Plaintiff, Shelly D. Brown, in care of David F. Chermol, an attorney, Chermol & Fishman LLC, 11450 Bustleton Ave., Philadelphia, PA 19116, attorney fees under the Equal Access to Justice

Act for 18.80 hours of service performed in 2023 at a rate of $220.00 per hour for a total of $4,136.00.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on January 11, 2024.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE