**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **SHELLY D. BROWN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:23-cv-00050-O-BP** |
| | § | |
| **COMMISSIONER OF SOCIAL** | § | |
| **SECURITY,** | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the plaintiff's Motion & Brief for Attorney Fees Pursuant to 42 U.S.C. § 406(b). ECF No. 19. After reviewing the record, the pleadings filed in connection with the Motion, and the applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Reed O'Connor **GRANT** the Motion.

## I.     BACKGROUND

The plaintiff's counsel, David F. Chermol, Esq., filed the Complaint in this case on May 13, 2023, seeking reversal of an adverse decision of the Commissioner under 42 U.S.C. § 405(g). ECF No. 1. The Commissioner filed the administrative record in answer to the Complaint on August 14, 2023. ECF Nos. 11. On August 28, 2023, the Commissioner filed an Unopposed Motion to Reverse and Remand. ECF No. 12. On August 29, 2023, the undersigned entered findings, conclusions, and a recommendation that Chief Judge O'Connor grant the Motion, reverse the Commissioner's decision, and remand the case. ECF No. 13. On September 13, 2023, Chief Judge O'Connor accepted the Findings, Conclusions, and Recommendation and entered Final

Judgment reversing the Commissioner's decision and remanding the case for further administrative proceedings. ECF Nos. 14, 15.

The plaintiff filed an Unopposed Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA") on May 18, 2023. ECF No. 16. The undersigned entered sealed findings, conclusions, and a recommendation that Chief Judge O'Connor award the plaintiff, in care of her attorney, Mr. Chermol, $4,136 in attorney fees. ECF No. 17. On January 26, 2024, Chief Judge O'Connor entered an Order Accepting Findings, Conclusions, and Recommendation that awarded plaintiff attorney fees in the amount recommended. ECF No. 18.

The plaintiff now moves for attorney fees under 42 U.S.C. § 406(b). ECF No. 19. In the Social Security Retainer and Fee Agreement between the plaintiff and Mr. Chermol dated April 24, 2023, the plaintiff agreed that if Mr. Chermol were successful in his representation, she would pay him any court-awarded EAJA attorney fees and up to 25% of her past due benefits for attorney fees awarded under 42 U.S.C. § 406(b), subject to his agreement to return any amount by which the § 406(b) fees plus the EAJA attorney fees exceeded 25% of past due benefits. ECF No. 19-3 at 1.

Mr. Chermol's Statement of Attorney Time Expended indicates that he spent 18.8 hours in representing the plaintiff in this case. ECF No. 19-4. Mr. Chermol suggests that given the contingent nature of his representation of the plaintiff, the substantial risk of loss for matters such as this one, Mr. Chermol's expertise and effectiveness in these types of matters, the rising costs of maintaining a law office, and the Fee Agreement between the plaintiff and him, the Court should award $23,630 in attorney fees. ECF No. 21 at 3. Given the amount of time that Mr. Chermol and his firm devoted to the case, the effective hourly rate represented by the attorney fee request is $1,256.91 per hour.

Mr. Chermol requests that the Court deduct the amount of fees previously awarded under the EAJA and award him a net amount, which results in an amount awarded of $19,494. The Court previously has awarded a net amount of section 406(b) fees in a similar case. *See Hale v. Comm's of Soc. Sec.*, No. 7:20-cv-00149-O (N.D. Tex. 2025) (ECF No. 37). Mr. Chermol also states that "because our firm is committed to claimants never paying more than 25% of past due benefits when all levels of review have been accounted for, irrespective of what the Supreme Court has held, we will accept the $8,630.00 SSA continues to withhold as payment in full." ECF No. 19 at 3.

In his Response to Plaintiff's Petition for Attorney Fees Under 42 U.S.C. § 406(b), the Commissioner "neither supports nor opposes counsel's request for attorney's fees in the amount of $19,494.00, under 42 U.S.C. § 406(b)." ECF No. 21 at 1. The Commissioner requests that the Court order that "any amount it authorizes in § 406(b) fees is to be paid out of Plaintiff's past-due benefits *in accordance with agency policy*." *Id.* at 2 (emphasis in original). He also takes no position on whether the Court should award Mr. Chermol a net amount of section 406(b) fees. *Id.* at 3.

## II.    LEGAL STANDARDS AND ANALYSIS

Under the Social Security Act,

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A). *See also Jackson v. Astrue*, 705 F.3d 527, 531 (5th Cir. 2013) ("§ 406(b) fees are authorized in cases where an attorney obtains a favorable decision on remand"). Although this provision does not take the place of an agreed fee arrangement between attorney and client, it

does provide "court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002). Thus, contingent fee contracts that provide for fees in excess of 25% are unenforceable, and an attorney seeking to recover a fee still must show that the fee is reasonable. *Id.* at 807-08. "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is in order to disallow windfalls for lawyers." *Jeter v. Astrue*, 622 F.3d 371, 379 (5th Cir. 2010) (quotation marks and citation omitted).

The Fifth Circuit has recognized a number of factors the Court should consider in evaluating a claim for attorney fees under § 406(b)(1)(A). These include "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Jeter*, 622 F.3d at 381-82. Although the courts often use the lodestar method for evaluating the reasonableness of attorney fees, particularly in cases in which a statute provides for shifting responsibility for payment of the fees, this method does not apply to an application for attorney fees under § 406(b)(1)(A). *Gisbrecht*, 535 U.S. at 801-02.

In this case, the factors support an award of attorney fees to Mr. Chermol in the amount requested. Mr. Chermol faced a significant risk of not recovering any fee when he agreed to represent the plaintiff. "[T]he Fifth Circuit and district courts in this circuit have acknowledged the high risk of loss inherent in Social Security appeals and the fact that a particular claimant's attorney often is not compensated at all for Social Security work in federal court." *Hartz v. Astrue*, No. 08-4566, 2012 WL 4471846, at *6 (E.D. La. Sept. 12, 2012) (collecting cases). *See also Charlton v. Astrue*, No. 3:10-cv-0056-O-BH, 2011 WL 6325905, at *4 (N.D. Tex. Nov. 22, 2011)

4

(recognizing that on average 35 percent of persons appealing their Social Security disability cases to federal court recover benefits).

The Court notes that Mr. Chermol specializes in Social Security disability cases, has a nationwide practice, and has many years of experience in this area. The fact that the plaintiff was not successful at the administrative level is some evidence of the difficulty of the issues Mr. Chermol confronted in pursuing the case here. *Adrienne W. v. Saul*, No. 3:17-cv-1218-N-BT, 2020 WL 2364635 (N.D. Tex. Mar. 24, 2020), *rec. adopted*, 2020 WL 2331702 (N.D. Tex. May 8, 2020).

The plaintiff agreed to the 25% fee requested in the pending Motion, and this percentage is within the limit provided by law. The effective hourly rate for Mr. Chermol in this matter is more than the regular and customary hourly rate usually charged by experienced civil trial lawyers in the Wichita Falls Division. Nevertheless, the undersigned concludes that the effective hourly rate of $1,256.91 is reasonable in this case given the contingent fee contract between the plaintiff and Mr. Chermol, the specialized nature of the engagement, Mr. Chermol's experience and expertise in this area of the law, and the result obtained.

Accordingly, the undersigned **RECOMMENDS** that Chief Judge O'Connor grant the Motion (ECF No. 19) and award the plaintiff, in care of Mr. Chermol, attorney fees in the amount of $19,494 under 42 U.S.C. § 406(b). The amount should be paid out of plaintiff's past-due benefits in accordance with agency policy of the Social Security Administration.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days

after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. See 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

      **SIGNED** on June 17, 2026.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE